**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

EVERSPAN INSURANCE COMPANY,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　v.　　　　　　　　　　　　)　　　No.　　　26cv134
　　　　　　　　　　　　　　　　　　　　)
LOHI LOGISTICS, LLC,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Defendant.　　　)
　　　　　　　　　　　　　　　　　　　　)

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, EVERSPAN INSURANCE COMPANY ("**Everspan**"), by its attorneys, Michael J. Duffy, Michael J. O'Malley and Joseph Dybisz of Wilson Elser Moskowitz Edelman & Dicker LLP, states as follows for its Complaint for Declaratory Judgment against Defendant LOHI LOGISTICS, LLC ("**LoHi**"):

### STATEMENT OF THE CASE

1.　　This action seeks a declaration that Everspan owes no insurance coverage obligations under Policy Number CW1EIC425086-00 issued to Yuman, Inc. as a named insured (the "Policy" attached as Exhibit A) in Arlington Heights, Illinois for claims made against LoHi in the case *Estate of Burkhalter et al., v. LoHi et al.,* Case number 202428749, filed in the District Court of Harris County, Texas ("Underlying Suit"), as Everspan has already exhausted the limits of liability under the Policy.

### THE PARTIES

2.　　Everspan is an insurance company formed under the laws of the State of Arizona with its principal place of business in Arizona.

3.　　Defendant LoHi is a limited liability company formed under the laws of the State of Delaware with its principal place of business in Colorado whose members are citizens of the State of Delaware or Colorado and in any case, not citizens of the State of Arizona.

1

**THE UNDERLYING SUIT**

4.     The Underlying Suit arises out of a vehicular accident in which a number of people were injured and/or died and which took place on March 31, 2024 in Texas involving a tractor trailer operated by Eddie Randall Hall. A copy of the Complaint in the Underlying Suit is attached as Exhibit B.

5.     LoHi is alleged to have brokered the load Eddie Randall Hall was transporting at the time of the accident. See Exhibit B.

**JURISDICTION AND VENUE**

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because this is a civil action founded on diversity of citizenship including Defendant, who does business within this District, and because this case involves coverage under an insurance policy issued in this District.

**FACTS**

8.     LoHi claimed additional insured status and demanded defense and indemnity from Everspan for any claims arising out of the accident at issue in the Underlying Suit.

9.     Everspan paid the entirety of its limit of liability to settle claims against its named insured, Yunman, and its driver Eddie Randall Hall arising from the March 31, 2024 accident at issue in the Underlying Suit.

10.     The Policy states:

*Covered Autos Liability Coverage*

*A. Coverage*

*We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" [. . .]*

*We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.*

See Exhibit A.

## ACTUAL AND JUSTICIABLE CONTROVERSY

*Tender to Everspan and Denial of Coverage*

11.     LoHi tendered the claims asserted in Underlying Lawsuit to Everspan for additional insured coverage under the Policy.

12.     Everspan issued a coverage position letter to LoHi denying coverage under the Policy. Everspan has on a number of occasions requested that LoHi withdraw its tender for coverage to Everspan. As of the filing of this declaratory judgment action, LoHi has not withdrawn its tender to Everspan.

13.     Everspan continues to deny it owes LoHi any defense or indemnity obligation under the Policy.

14.     An actual justiciable controversy exists between Everspan and the Defendant as to the availability of liability insurance coverage under the Policy and this Court is vested with the power to declare the rights and liabilities of the parties hereto under 28 USCS §§ 2201 and 2202 of the Federal Declaratory Judgment Act, and Federal Rule of Civil Procedure 57, to give such other and further relief that may be necessary.

3

15.     The Policy only provides liability coverage up to the applicable limit of insurance for Covered Autos. Everspan's duty to defend or settle under the Policy, if any, ends when the applicable limit of insurance has been exhausted by payment of judgment or settlements.

16.     Everspan owes no coverage obligations under the Policy, defense or indemnity, for the claims raised against LoHi in the Underlying Lawsuit because the applicable limit under the Policy's Covered Autos Liability Coverage has been exhausted.

17.     Accordingly, there is no obligation for Everspan to defend or indemnify LoHi under the Policy for the claims arising out of the March 31, 2024 accident, including those claims made in the Underlying Suit.

WHEREFORE, Plaintiff Everspan respectfully requests that the Court enter the following relief:

A.     A declaration finding that Everspan owes no duty to defend or indemnify LoHi for any claims arising from the March 31, 2024 accident at issue in the Underlying Suit; and

B.     For all such just and equitable relief, including costs of this suit.

Respectfully Submitted,

By: /s/ *Michael J. Duffy*
    One of the Attorneys for Everspan
    Insurance Company

Michael J. Duffy – 619666
Michael J. O'Malley - 6308059
Joseph Dybisz - 6342007
Wilson Elser Moskowitz Edelman & Dicker, LLP
161 North Clark Street, Suite 4500
Chicago, IL 60601
(312) 704-0550
Michael.Duffy@wilsonelser.com
Michael.O'malley@wilsonelser.com
Joseph.Dybisz@wilsonelser.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _/s/ Michael J. Duffy_____